James C. Roller and C. F. Shoemaker, partners trading as Roller & Shoemaker, *v.* W. N. Meredith, Appellant.

*Statute of limitations—Debt not grounded upon lending or contract.*
In an action on a recognizance of bail for stay of execution, begun by writ of sci. fa. the remedy might as well have been by action of debt and the bar of the statute cannot be pleaded,—the cause of action being without specialty but not grounded upon any lending or contract.

*Statute of limitations—Cause not form of action determines the bar.*
In determining whether the statute of limitations is a bar in any particular case, regard must be had to the cause and not to the form of action ; whenever the cause of action is such as would be subject to the bar if prosecuted under any form then the statute is applicable, otherwise not.

*Appeals—defective record—Absence of assignments.*

Where the record does not show that a judgment was entered on the decree of the court and where no exception was asked for or allowed in the court below and no assignment of error has been filed, there is nothing on the record for the appellate court to decide.

Argued March 15, 1897. Appeal, No. 5, March T., 1897, by defendant, from judgment of C. P. Franklin Co., Feb. T., 1896, No. 151, on case stated. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Case stated on appeal from justice. Before STEWART, P. J. The case stated was as follows :

And now January 27, 1896, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court in the nature of a special verdict. Roller and Shoemaker the plaintiffs above named on December 28, 1888, recovered a judgment against E. Goss, before M. J. Slick, Esq., a justice of the peace within and for the county and state aforesaid in the sum of $67.55 with costs of suit.

On the same day to wit: December 28, 1888, W. N. Meredith became bail for stay of execution upon the above cited judgment. No execution was ever issued against Goss, and nothing more was done by the plaintiffs until December 27, 1895, when they issued a scire facias against the said W. N. Meredith, to show cause why they should not have execution against him in satisfaction of the above judgment.

The sci. fa. was returnable to January 3, 1896, when the plaintiffs appeared before the magistrate by counsel and the said W. N. Meredith appeared in his own person, and pleaded the bar of the statute of limitations to the action against him.

By agreement of both parties the case was continued to January 10, when the case was argued by counsel and the justice deferred his judgment to January 17.

January 17, 1896, the justice gave judgment against the plaintiffs for costs, upon the ground that the statute of limitations was a bar to the action.

January 24, 1896, plaintiffs appealed from the judgment of the justice, and filed their appeal in the common pleas the same day.

If the court be of opinion that the statute of limitations is not a bar to the action, then judgment to be entered for the plaintiff in the sum of $94.40 and costs ; but if the court is of opinion that the statute of limitation is a bar to the plaintiff's recovery, then judgment to be entered for the defendant for costs. The costs to follow the judgment and either party reserving the right to sue out a writ of error.

Following is a copy of the recognizance :

"Dec. 28, 1888.

" I agree to become bail absolute in the sum of One Hundred and Thirty Dollars for stay of execution in the above case.

" (Signed,)        W. N. MEREDITH."

The opinion and decree of the court, by STEWART, P. J., is as follows :

" In determining whether the statute of limitations is a bar in any particular case, regard must be had to the cause and not to the form of the action. ' It may be stated as a general rule, that whenever the cause of action is such as would be subject to the bar, if prosecuted under any of these forms, then the statute is applicable; otherwise not:' Hannum v. Borough of West Chester, 63 Pa. 475.

" Here the question is raised in an action on a recognizance of bail for stay of execution, begun by a writ of scire facias. Considering the cause of action, the remedy might as well have been by action of debt. As such it is to be regarded for present purposes. Can the bar of the statute be pleaded against it ?

" The statute makes subject to the bar, ' All actions of debt, grounded upon any lending or contract, without specialty.'

" The cause of action here is without specialty, and the one question presented is, whether it be grounded upon any lending or contract. If so the bar of the statute will prevail; otherwise not.

" While I have no case at hand, directly in point, in which the applicability of the statute to recognizances for bail is ruled, yet an entirely safe conclusion can be reached in the light of the construction given to the words of the statute in Richards ·v. Bickley, 13 S. & R. 395. In that case the action was in debt on a foreign judgment, but the reasoning of the court is as applicable as though it had been founded on a recognizance.

"It is said," says DUNCAN, J., "that all actions as well of debt as of assumpsit, are debts on simple contracts and therefore within the words of the statute. The words are, 'All actions of debt, grounded on any lending or contract without specialty.' If it had been all actions of debt, without specialty, this action would have been included; but all actions of debt without specialty are not limited, but those only grounded on a lending or contract, and this action is not founded on any lending, and therefore not limited, though it be without specialty. All actions of debt are founded on contracts in deed or in law; and if it had been intended to limit all actions of debt generally, the words, 'grounded on any lending or contract,' would have been superfluous. But the statute was only intended to limit those actions which are grounded upon any lending or contract in fact, and the word lending explains the word contract to be of the same nature; and as early as 20 Car. 2, this construction was put on these words in Hoddsen v. Harridge, 2 Saund. 65, and the principle has ever since prevailed. It was the construction of the English Statute when our act was passed."

"A recognizance of bail for stay of execution is no more a lending or contract than a foreign judgment. Any action upon it is of course founded upon a contract, but not on such contract in fact as is contemplated by the statute.

"It follows that the case is with the plaintiff, and now March, 1896, judgment is ordered on the case stated in favor of the plaintiff and against the defendant, for the sum of ninety-four dollars and forty cents ($94.40) with costs."

The record disclosed no judgment entered and no assignments of error.

*Linn Harbaugh*, for appellant.—Chief Justice GIBSON repeatedly terms a recognizance of this kind a contract—an original undertaking: Wolfe v. Nesbit, 4 W. & S. 312. See also, Jones v. Bomberger, 97 Pa. 432; Jones v. Raiguel, 97 Pa. 437.

*G. W. Atherton*, for appellee.—The common law fixed no time as to the bringing of actions. Limitations derive their authority from statute: U. S. v. Thompson, 98 U. S. 486.

A recognizance is an obligation of record entered into before

some court of record or magistrate duly authorized : 2 Black.'s Com. 341 ; Respublica v. Cobbett, 3 Dal. (U. S.) 475.

The object of the scire facias is to notify the cognizor to appear and show why execution should not issue for the sum acknowledged : State v. Warren, 17 Tex. 283.

The statute does not apply when the subject of the action is a debt of record : Dehaven v. Bartholomew, 57 Pa. 126.

It has always been held that the bail on appeal from a magistrate is not entitled to the benefit of the statute : Edwards v. Withrow, 22 W. N. C. 576.

A judgment in a justice's court is not within the statute of limitations : Pease v. Howard, 14 Johns. 479.

OPINION BY ORLADY, J., April 19, 1897 :

This is an appeal from a judgment ordered by the court below upon a case stated, but the record does not show that a judgment was entered thereon ; that any exception was asked for or allowed in the court below. No assignment of error has been filed and there is nothing on this record for us to decide : Shaffer v. Eichert, 132 Pa. 285.

However the case has been examined as if regularly in court and the decision below was correct.

The judgment is affirmed.