CITY OF PHILADELPHIA v. ATLANTIC & P. TEL. CO.

(Circuit Court, E. D. Pennsylvania. May 29, 1901.)

No. 340.

1. ACTIONS—FORM—ACTIONS TO RECOVER LICENSE FEES.

Debt is the appropriate form of common-law action for the recovery of license fees imposed by a municipal ordinance which provides no specific method for their collection.

2. LIMITATIONS—PENNSYLVANIA STATUTE—ACTION OF DEBT.

An action of assumpsit under the Pennsylvania practice act of 1887, which includes in that form of action the common-law actions of covenant, debt, and assumpsit, brought by a municipal corporation to recover license fees imposed by an ordinance, for which debt would have been the appropriate form of common-law action, is not within the provision of the Pennsylvania statute of limitations covering "actions of debt grounded upon any lending or contract without specialty," which includes only contracts in fact, voluntarily entered into, and does not apply to actions on quasi contracts, such as obligations imposed by law.

On Motion by Defendant to Enter Judgment with the Reduction Specified in the Reserved Point.

E. Spencer Miller and J. L. Kinsey, for plaintiff.
Read & Pettit, for defendant.

J. B. McPHERSON, District Judge. This is an action brought by the city of Philadelphia to recover license fees charged against the defendant in respect of its poles and wires by virtue of certain ordinances. When the suit was brought, the fees for the year 1885 were more than six years overdue, and the question for consideration under the reserved point is whether recovery of fees for that year is barred by the Pennsylvania statute of limitations.

The suit is in assumpsit, but, as the practice act of 1887 has applied this name indifferently to the three forms of action that were known as "covenant," "debt," and "assumpsit," the name does little more than advise us that the action is ex contractu. The court is still required to scrutinize the cause of action, in order to determine to which of the three classes of contractual suits the present action belongs. Thus examined, it becomes clear that, before the act of 1887 was passed, the action of debt would have been the appropriate remedy to recover these fees, the ordinances providing no method of collection. I had occasion to consider this question in Borough of Taylor v. Central Pennsylvania Telephone & Supply Co., 8 Pa. Dist. R. 92, and, as my views have not changed since that decision was made, I may be permitted to repeat a part of what was then said:

"It is true that the method of collecting the fee from the delinquent's property is not specified, but we see no difficulty in this silence. If the borough had lawful authority to impose such a fee, the defendant's duty to pay would at once arise; and, as this duty would have been enforceable before the procedure act of 1887 by an action of debt (5 Am. & Eng. Enc. Law, 167; 2 Shars. Bl. Comm. 159, 160), it is now enforceable by an action of assumpsit. It seems to us a contradiction in terms to hold that the defendant is not obliged to pay unless the ordinance specifically declares by what method payment may be enforced. Save, perhaps, in exceptional cases, to say that a borough has authority to impose a fee means that the

citizen must pay, or be subject to the compulsion of a suit. No doubt, in the interest of personal liberty, fines and penalties cannot be exacted without express provision in the ordinance; but the right to bring a civil suit directed against the delinquent's property seems to spring of necessity out of the right to levy the fee. Under the ordinance now being considered, the borough had no other remedy than the action of assumpsit."

The action now before the court is, therefore, the well-known action of debt, although it is labeled "assumpsit"; and the next step is to inquire whether an action of debt for license fees that are imposed by virtue of the police power of the state is within the Pennsylvania statute of limitations, for it is to be observed that this statute does not bar all actions of debt, but merely "all actions of debt grounded upon any lending or contract without specialty, all actions of debt for arrearages of rent, except the proprietaries' quit rents." It does not seem necessary to refute at length the proposition that such an action of debt as is now under consideration is grounded upon "any lending or contract without specialty." It is an action upon an obligation imposed by law, and not upon an agreement voluntarily entered into by the defendant. It is contracts in fact, and not quasi contracts, that are included in the phrase just quoted, as the Pennsylvania courts have several times decided. The statute does not limit actions of debt that are not founded upon a lending or a contract in fact: Richards v. Bickley, 13 Serg. & R. 396; Roller v. Meredith, 4 Pa. Super. Ct. 461.

The reserved point must be decided in favor of the plaintiff, and judgment will accordingly be entered upon the verdict without diminution.

Exception to the defendant.