## City of Philadelphia v. Goldstein

*Abraham Wernick*, for plaintiff.

*Wolf, Block, Schorr & Solis-Cohen*, for defendant.

McDEVITT, P. J., October 11, 1937.—This matter comes before the court on an action by the City of Philadelphia for the collection of delinquent personal property taxes for the year 1927 in the sum of $231.15, and for delinquent personal property taxes for the year 1928 in the sum of $5,376. To these basic sums are to be added the penalty of $392.50 and interest at the rate of 6 percent from August 1, 1929, to October 11, 1937, amounting to $2,200.35, or a sum total debt of $8,200.

The court affirms plaintiff's request for binding instructions and enters judgment for plaintiff, the City of Philadelphia, in the sum of $8,200.

The court also overrules defendant's motion for binding instruction, and grants an exception to defendant.

The defense was raised on a question of law involving the statute of limitations.

Plaintiff contends that the statute of limitations does not apply because the claim is not prohibited by the Act of March 27, 1713, 1 Sm. L. 76, sec. 1; and that the claim arises out of a governmental or public function.

The section of the act of assembly above referred to reads as follows:

"That all actions of trespass *quare clausum fregit*, all actions of detinue, trover and replevin, for taking away goods and cattle, all actions upon account and upon the

case (other than such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants) *all actions of debt, grounded upon any lending, or contract without specialty, all actions of debt,* for arrearages of rent, except the proprietaries quitrents, and all actions of trespass, of assault, menace, battery, wounding and imprisonment, or any of them, which shall be sued or brought at any time after the five-and twentieth day of April, which shall be in the year of our Lord one thousand seven hundred and thirteen, shall be commenced and sued within the time and limitation hereafter expressed, and not after; that is to say, the said actions upon the case, other than for slander, and the said actions for account, and the said actions for trespass, debt, detinue and replevin, for goods or cattle, and the said actions of trespass *quare clausum fregit,* within three years after the said five-and-twentieth day of April next, or within six years next after the cause of such actions or suit, and not after. And the said actions of trespass, of assault, menace, battery, wounding, imprisonment, or any of them, within one year next after the said five-and-twentieth day of April next, or within two years next after the cause of such actions or suit, and not after: and the said actions upon the case for words, within one year next after the words spoken, and not after."

It is the opinion of the court that this claim to recover delinquent personal property taxes is not grounded in debt or upon any lending or contract without specialty. Any doubt was cleared up by the illuminating opinion of the late Judge McPherson in the case of Philadelphia v. Atlantic & Pacific Tel. Co., 10 Dist R. 376. Defendant in that case pleaded the statute of limitations, and in overruling the defense Judge McPherson said:

"The action now before the court is, therefore, the well known action of debt, although it is labeled *assumpsit,* and the next step is to inquire whether an action of debt for license fees that are imposed by virtue of the police

power of the city is within the Pennsylvania statute of limitations; for it is to be observed that this statute does not bar all actions of debt, but merely 'all actions of debt grounded upon any lending or contract without specialty, all actions of debt for arrearages of rent, except the proprietaries' quit rents.' It does not seem necessary to refute at length the proposition that such an action of debt as is now under consideration is grounded upon 'any lending or contract without specialty.' It is an action upon an obligation imposed by law, and not upon an agreement voluntarily entered into by the defendant. It is contracts in fact, and not quasi-contracts that are included in the phrase just quoted, as the Pennsylvania courts have several times decided. The statute does not limit actions of debt that are not founded upon a lending or a contract in fact: Richards v. Bickley, 13 S. & R. 396; Roller v. Meredith, 4 Pa. Superior Ct. 461.

"The reserved point must be decided in favor of the plaintiff, and judgment will accordingly be entered upon the verdict without diminution."

The same principle was upheld by President Judge Hargest in the Dauphin County court in Metzger's Petition, 8 D. & C. 481, and in Meriwether v. Garrett, 102 U. S. 472, 513, where it was held in the United States Supreme Court:

"Taxes are not debts . . . Debts are obligations for the payment of money founded upon contract, express or implied. Taxes are imposts levied for the support of the government, or for some special purpose authorized by it. . . . Nor is their nature affected by the fact that in some States . . . an action of debt may be instituted for their recovery. The form of procedure cannot change their character."

The claim of defendant is not based upon any expressed contract, and such obligation as is imposed upon him is created by statute, and, being thus created, of course, is excepted by the Act of 1713, supra.

The right to tax is an essential part of every independent government, and an incident of the State's sovereignty. See Bank of Pa. v. Commonwealth, 19 Pa. 144; Federal Street & Pleasant Valley Passenger Rwy. Co. v. Pittsburg, 226 Pa. 419; Commonwealth ex rel. v. Mann, 5 W. & S. 403; State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527.

There is a clear distinction between the application of the statute of limitations to a suit arising in this manner, out of the performance of a governmental function, and an ordinary action instituted by a municipality. In the latter, the court agrees that the statute of limitations applies, but not in the case at bar. The county or municipality is merely the agent of the sovereign State. This principle is generally accepted. See Perry County v. Selma, Marion & Memphis R. R. Co., 58 Ala. 546; Anderson v. Ritterbusch, 22 Okla. 761, 98 Pac. 1002; 61 C. J. 1059.

For the reasons above set forth, judgment is entered for plaintiff in full.