## Erny's Estate.

Argued January 11, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*James F. McMullan,* with him *John Franklin Shields,* and *Claude T. Reno,* Attorney General, for appellant.

*John P. Berry,* with him *Ernest Lowengrund,* Assistant City Solicitors, and *Francis F. Burch,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:

At the audit of the account of the administrator of Jacob Erny, deceased, two claims were presented for amounts expended in the maintenance of decedent's adult insane indigent son at the Philadelphia General Hospital, the Philadelphia Hospital for Mental Diseases at Byberry, and the Norristown State Hospital, from January 27, 1927, to September 5, 1938, the date of Erny's death, one by the Commonwealth for $2,812.58 and the other by the City of Philadelphia for $437.14. The claims were made under the Acts of June 1, 1915, P. L. 661, section 3, and section 28 of the Act of June 13,

544

1836, P. L. 539 (repealed by section 702 of the Act of June 24, 1937, P. L. 2017).

The claims of the City of Philadelphia admittedly accrued more than six years prior to the death of Erny, and the balance of his estate for distribution being insufficient to pay both the city and Commonwealth in full, the Commonwealth urged the bar of the statute of limitations against the city's claim. The auditing judge ruled that the claims of the city were not subject to the bar of the statute and should be paid in full.

Unless the statute of limitations can be successfully interposed, it is conceded that the claim of the city is entitled to precedence over that of the Commonwealth: see *Metcalf's Estate*, 319 Pa. 28. Thus, the sole question is, as stated in appellant's brief, whether the claim of the city for reimbursement out of the estate of a parent for the amounts expended by the municipality for the maintenance of an adult indigent son is subject to the bar of the statute of limitations. If it is, the fund for distribution not being sufficient to pay both claims in full, the right of the Commonwealth to invoke the statute against the city's claim under the rule that when the fund is not sufficient to pay all, each creditor has a right to oppose any other claimant by showing payment of the debt or that it is barred by the statute of limitations, is beyond question: *Claghorn's Estate*, 181 Pa. 600, 607; *In Re Margaret McCanna*, 77 Pa. Superior Ct. 1, 7.

The Commonwealth contends, as it must, that the city's claim falls within Section 1 of the Act of March 27, 1713, 1 Sm. Laws 76, limiting "actions of debt grounded upon any lending or contract without specialty," and further that the claim is not within the class of claims which are immune from the operation of the statute by reason of the fact that they accrue to the municipality in its governmental capacity.

At common law, the mere fact that an adult demented person is incapable of caring for himself raises no obligation on his parents' part to support him except possibly

where the child was living with them and was incompetent when reaching majority: *Loyalsock Twp. Overseers v. Eldred Twp. Overseers,* 154 Pa. 358; *Gaydos v. Domabyl,* 301 Pa. 523, 534. Consequently there was no duty to reimburse the authorities for such maintenance. The obligation of a parent to maintain an indigent adult child and the consequent liability to reimburse the authorities for such maintenance being purely statutory and in derogation of the common law *(Harnish's Estate,* 268 Pa. 128, 131; *Boles's Estate,* 316 Pa. 179, 182), and being imposed, as they are, irrespective of the intention of the parties, are clearly quasi-contractual, and therefore not within the phrase limiting debts "founded upon any lending or contract without specialty."

It is contracts in fact and not constructive or quasi-contracts, properly defined in *Hertzog v. Hertzog,* 29 Pa. 465, as "fictions of law adopted to enforce legal duties by actions ex contractu, where no proper contract exists, express or implied," that are within the phrase above quoted from the Act of 1713: *Richards v. Bickley,* 13 S. & R. 395; *Hannum v. Borough of West Chester,* 63 Pa. 475; *Roller v. Meredith,* 4 Pa. Superior Ct. 461; *Bedell v. Oliver H. Bair Co.,* 104 Pa. Superior Ct. 146; *Sgro v. Pa. Burial Co.,* 113 Pa. Superior Ct. 20; *Philadelphia v. Atlantic & Pacific Telegraph Co.,* 109 Fed. 55. The principle was lately recognized in *Philadelphia v. Holmes Electric Protective Co. of Philadelphia,* 335 Pa. 273, wherein, at 280, it was said "Since, then, the City of Philadelphia is here suing, not to compel the performance of a duty imposed by law . . . but to enforce a contractual obligation assumed by defendant . . . the statute of limitations is applicable to the suit." To hold otherwise would, as pointed out in *Richards v. Bickley,* supra, be to hold that all actions of debt (now assumpsit) fall within the statute, rendering the words "grounded on any lending or contract" superfluous.

Even if the claim of the city were within the terms of the statute of limitations, nevertheless the statute could

not be interposed to bar it. While ordinarily the immunity of the sovereign from the operation of the limitation statutes against it does not extend to municipalities (*Evans v. Erie County*, 66 Pa. 222; *Commonwealth v. Perry*, 330 Pa. 355), the contrary is true, unless otherwise provided, where the right sought to be enforced by the municipality, as here, is a right accruing to it in the exercise of a strictly governmental function: *City of Philadelphia v. Holmes Electric Protective Co.*, supra, 278, 280.

That the maintenance and treatment of indigent, infirm and mentally defective persons is a strictly governmental function cannot be questioned: *Commonwealth v. Liveright et al.*, 308 Pa. 35; *Poor District Case (No. 1)*, 329 Pa. 390; *Poor District Case (No. 2)*, 329 Pa. 410. Thus, the right to enforce the statutorily imposed obligation to maintain or repay is undoubtedly a right accruing to the municipality in its governmental capacity and is for this additional reason not subject to the bar of the statute of limitations.

The Commonwealth relies upon *Geisler's Estate*, 76 Pa. Superior Ct. 560, in which it was held, inter alia, that the statute of limitations was properly invoked to bar such part of a claim of the Allegheny County Home against a decedent parent's estate, for the maintenance of the decedent's adult indigent insane son, as was more than six years old. That decision is necessarily overruled in so far as it is inconsistent with the conclusion of the present case.

Appellant also relies upon *In Re Margaret McCanna*, 77 Pa. Superior Ct. 1. In that case a claim against a lunatic's own estate in the hands of her guardian, under the Act of June 1, 1915, P. L. 661, for sums expended by her legal settlement, the Poor District of Kittanning Borough, in her maintenance at the State Hospital for the Insane, located at Warren, Pa., was restricted to six years from the date of the filing of the claim for reimbursement on the theory, as appears from the de-

cisions relied upon for the proposition that the statute of limitations may be pleaded in actions upon "implied contracts," that the Poor District's right to recover was based upon an implied-in-fact contract. The subsequent decisions of this Court conclusively demonstrate that the basis for recovery is not a contract implied in fact, but rather a contract implied in law, or a quasi-contract, where the action is to recover reimbursement from the lunatic's own estate, as in cases seeking repayment from a parent or other relative upon whom the obligation to maintain is imposed: *Boles's Estate*, supra, and *Cronin's Case*, 326 Pa. 343, and authorities there collected.

The decree of the court below is affirmed at appellant's cost.