HELEN H. HAIMES, Respondent, *v.* PAUL O. SCHONWIT, as Executor of CORNELIUS J. CRICH, Deceased, Appellant.

Second Department, January 8, 1945.

*Nathan H. Elman* for appellant.

*Jules Roth* for respondent.

HAGARTY, Acting P. J. Plaintiff was the former wife of Cornelius Jay Crich, defendant's testator. This action, commenced on the 29th day of January, 1942, is on an implied contract to recover moneys expended in the care and maintenance of the child of the marriage during the period beginning on the 1st day of December, 1926, and ending on the 20th day of August, 1935. (See *De Brauwere* v. *De Brauwere,* 203 N. Y. 460; *Laumeier* v. *Laumeier,* 237 N. Y. 357; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380.) Hereinafter the plaintiff will be referred to as the wife, the testator as the husband, and the child as the daughter.

The husband and wife were married in the State of Connecticut on the 5th day of September, 1924, and the daughter was born in that State on the 22d day of January, 1926. The husband was then serving in the United States Coast Guard and was stationed in the County of Richmond, in the State of New York. They separated on the 1st day of December, 1926. The wife moved to the County of Kings, in this State, in 1927, where she has since resided. The husband procured a decree of divorce

in Connecticut on the 24th day of February, 1928, in which decree the daughter was recognized as the issue of the marriage, but it contained no provision for her support. The wife remarried in 1928, and the husband remarried at an unstated time, but prior to 1930. The wife, from her own earnings, provided for the daughter, who lived with her, continuously from the time of the separation to the 20th day of August, 1935, the date which terminates the period in suit. The husband, thereafter, paid the sum of fifteen dollars monthly for the support of the daughter, in accordance with an agreement made by him in the course of a proceeding instituted by the wife in the Domestic Relations Court, in the County of Kings, State of New York. In that proceeding, he represented that he was unable to pay more, although he was then earning seventy-five dollars a week and possessed corporate stock which he had purchased for five thousand dollars.

The husband died without the State on the 30th day of July, 1939, leaving a substantial estate, and letters testamentary were granted to the defendant by the Surrogate of Queens County on the 14th day of September, 1939. Under the circumstances, section 12 of the Civil Practice Act adds to the governing six-year limitation (Civ. Prac. Act, § 48, subd. 1; *Clayburgh* v. *Clayburgh*, 261 N. Y. 464, 469; *Bohun* v. *Kinasz*, 124 Conn. 543) a period of nineteen months and fifteen days. Therefore, if the pleaded partial defense of the Statute of Limitations were to be sustained, this total limitation period would bar recovery for expenditures made prior to the 14th day of June, 1934.

The claim of the wife is that the statute is not even a partial bar for the reason that her cause of action did not accrue until the termination of the period during which the expenditures were made. The learned trial court upheld this contention and stated, citing authority in other jurisdictions, that " the statute of limitations does not run during the time the child requires such support, but commences to run from the time the obligation terminates." A large number of the cited cases (e.g. *Linnemann* v. *Kirchner*, 189 Iowa 336; *Wisniewski* v. *Wisniewski's Estate*, 254 Mich. 663; *Myers* v. *Saltry*, 163 Ky. 481; *Jackson* v. *Mull*, 6 Wyo. 55) involved the consideration and construction of express contracts. A determination of the commencement of the time of the limitation period is dependent upon the provisions peculiar to, and the circumstances attendant upon the making of, an express contract.

A cause of action usually accrues to a party to an express contract only upon termination of the relationship (*Martin* v. *Camp*, 219 N. Y. 170; *Ga Nun* v. *Palmer*, 202 N. Y. 483), although

a cause of action accrues when a payment falls due, even impliedly, as in contracts of hiring for an indefinite period. (*Davis* v. *Gorton,* 16 N. Y. 255; cf. *Carter* v. *Carter,* 36 Mich. 207; *Schaffner* v. *Schaffner,* 98 Kan. 167.) Whatever may be the implied due date of payment, it is binding on both parties. The basic principle of mutuality of obligation (*Topken, Loring & Schwartz, Inc.,* v. *Schwartz,* 249 N. Y. 206, 210) precludes acceptance of the theory, advanced in some of the authorities of other States, that in the class of contracts with which we are presently concerned, the due date is not the same for the father as it is for the claimant, to the end that the latter may shift it to an early date, to obtain prompt payment, or to a later date, to avoid the Statute of Limitations, whichever better may subserve her interests. We disagree, therefore, with the determination in *Knutson* v. *Haugen* (191 Minn. 420) insofar as it is therein held that one seeking recovery on an express contract to support a child during minority is afforded an option to declare payment due at any time during minority and that the same option prevails in the case of an implied contract to pay for such maintenance. Incidental to a father's general and continuing obligation to support his child, a promise imputed to him to reimburse another who assumes that obligation for him is to make immediate payment. " In the case of an action for money had and received, where, by the nature of the case, the duty to pay over arises at once upon the initial payment, the cause of action accrues at once and the statute of limitations begins to run at once " (2 Carmody on New York Pleading and Practice, § 452). " As against a claim not based upon the express contract the Statute of Limitations commenced to run from each and every delivery and acceptance of merchandise." (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61.) In an action by a wife to recover the cost of maintenance of the daughter of the marriage, Judge CRANE, in his opinion for the majority in *Clayburgh* v. *Clayburgh* (261 N. Y. *supra,* p. 469), wrote: " She * * * naturally only seeks to recover for the last six years, the rest of the claim being barred by the Statute of Limitations."

Returning to the consideration of the case we are reviewing, the period of limitation must be computed from the time the cause of action accrued (Civ. Prac. Act, §§ 11, 15, 48; *Cary* v. *Koerner,* 200 N. Y. 253, 259) and, therefore, recovery for maintenance prior to the 14th day of June, 1934, is barred unless, as further claimed by the wife, the running of the Statute of Limitations was tolled by reason of the absence of the husband

from the State (Civ. Prac. Act, § 19), which claim was also upheld by the trial court.

The husband and wife were residents of, and maintained their marital domicile in, the State of Connecticut until the separation, in December of 1926. The decree of divorce, procured by the husband in 1928, recites: " The plaintiff was domiciled in this State at the time of said marriage and before bringing complaint has returned to this State with the intention of permanently remaining." That divorce action was commenced in September of 1927. Residence without the State ordinarily implies absence from the State. (*Mack* v. *Mendels,* 249 N. Y. 356, 359.) There is proof of the presence of the husband in this State on only two occasions during the period in suit. In August of 1927, he appeared in the Domestic Relations Court in Kings County, as a result of which, incidentally, he made but one payment for the support of the daughter, fixed at the rate of six dollars a week. Shortly thereafter, he appeared at the home of the wife, apparently in connection with his prospective divorce proceeding. There is nothing to show that his work as salesman, in the employ of domestic corporations, commencing in 1928, was conducted in this State. Efforts to locate the husband were made by the wife during the period in suit, but she was unsuccessful.

This showing is not conclusive, particularly in the light of the fact that this is an action against the estate of a decedent; but, on the other hand, the defendant offered no proof at all. The fact, if it be such, that the husband was not without the State during the period in suit could have been proved readily. His widow and his former employer and business associate were present at the trial. Although the issue is ordinarily one of fact for the consideration of a jury (*Isenstein* v. *Malcomson,* 227 App. Div. 66, 67; *Jelliffe* v. *Thaw,* 67 F. 2d 880, 882), the learned trial court was warranted in holding, as a matter of law, that in view of the prima facie showing of continuous absence, defendant had not sustained the burden of establishing the partial defense. (*Mayer* v. *Friedman,* 7 Hun 218, affd. on opinion below 69 N. Y. 608; *Helmer* v. *Minot,* 75 Hun 309; *Phillips* v. *Lindley,* 112 App. Div. 283, affd. 188 N. Y. 606; *Banister* v. *Solomon,* 126 F. 2d 740.)

Interest on the recovery must, however, be reduced, since it was allowed from the termination of the period in suit, rather than from the commencement of the action. Although the wife had located the husband in 1935, she made no demand on him for payment. A demand was essential to the commencement of the running of interest. (*de Carricarti* v. *Blanco,* 121 N. Y. 230,

233; *Blackwell* v. *Finlay,* 233 N. Y. 361, 363; *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.,* 245 N. Y. 1; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380, *supra.*)

The judgment should be modified on the law by striking therefrom the following: " with interest thereon from the 20th day of August, 1935, to wit: the sum of $1,534.00 and that the plaintiff is entitled to the sum of $179.65 costs and disbursements as taxed, making in all the sum of $4,713.65," and substituting therefor the following: " with interest thereon from the 29th day of January, 1942, to wit: the sum of $375, and that the plaintiff is entitled to the sum of $179.65 costs and disbursements, as taxed, making in all the sum of $3,554.65." As so modified, the judgment should be affirmed, with costs to respondent.

The appeal from the order should be dismissed, without costs, in that it denies a motion for resettlement addressed to the relief granted by the judgment. (*Bergin v. Anderson,* 216 App. Div. 844.)

JOHNSTON, ADEL, LEWIS and ALDRICH, JJ., concur.

Judgment modified on the law by striking therefrom the following: " with interest thereon from the 20th day of August, 1935, to wit: the sum of $1,534.00 and that the plaintiff is entitled to the sum of $179.65 costs and disbursements as taxed, making in all the sum of $4,713.65," and substituting therefor the following: " with interest thereon from the 29th day of January, 1942, to wit: the sum of $375, and that the plaintiff is entitled to the sum of $179.65 costs and disbursements, as taxed, making in all the sum of $3,554.65." As so modified, the judgment is unanimously affirmed, with costs to respondent.

Appeal from order dismissed, without costs. [See 269 App. Div. 667.]