## Commonwealth v. Cywinski

*William F. Farrell*, for plaintiff.

*Raymond A. Livingston* and *John T. J. Brennan*, for defendant.

FARRELL, J. (for court en banc), February 24, 1947. —This is an action instituted by the Commonwealth of Pennsylvania, Department of Public Assistance, on

September 20, 1946, to recover the sum of $485.70 expended by said department for the support and maintenance of defendant and her children from April 1938 to May 1939. The statement of claim avers that defendant was the owner of real and personal property at the time the assistance was rendered and that said property is liable for the repayment to the departmnt of the amount expended.

Upon petition filed October 9, 1946, by defendant, claiming that the action is barred by the statute of limitation (six years), this rule was granted. In support of the rule defendant relies on the case of Commonwealth v. Udziewicz et al., 353 Pa. 543. In that case the Supreme Court by Mr. Justice Drew held (1) that under the Tax Sale Act of May 29, 1931, P. L. 280, as amended, a judgment in favor of the Commonwealth under a contract providing for reimbursement of old age assistance was divested and (2) that the lien of the judgment entered under such contract is not a "public account" under section 1401 of the Fiscal Code of April 9, 1929, P. L. 343, as amended, and is not collectible in the manner prescribed by the code for collection of accounts.

We are of opinion that the decision cited does not control the question raised by the rule in the present case. The question here is whether the Commonwealth is suing in its sovereign capacity and whether the statute of limitations of six years can be invoked against the Commonwealth.

We are of opinion that the Commonwealth is suing in its sovereign right and that the statute of limitations therefore does not apply. In the instant action the Commonwealth through the Department of Public Assistance is proceeding under section 4 of the Act of June 24, 1937, P. L. 2045, which entitles the department representing the Commonwealth to a judgment against defendant's property for the amount of the

assistance rendered. The Commonwealth has done nothing to relinquish its sovereign right and is pursuing its remedy under the statute. In the Udziewicz case the Commonwealth sued under a contract made with defendant and not under its statutory remedy. In the opinion of Mr. Justice Drew at page 546 he said:

"The question of sovereign right is not involved in the instant case. This judgment lien was created by a contract of the parties; none of the attributes of sovereignty entered into it because the State voluntarily gave them up. Judge Wade in the Court below aptly said: 'In any event, when the Commonwealth stepped down from its sovereign position and entered into a contract with John Udziewicz for the better security of its loan to him, and carefully provided that it contain a confession of judgment, then the status of the two parties was that of private citizens.' "

Here the Commonwealth did not abdicate its sovereign position. In Erny's Estate, 337 Pa. 542, it was held that a claim against the estate of a parent to recover the cost of maintaining an adult son is solely statutory and not the result of a voluntary agreement and is not therefore governed by the statute of limitations. See also Commonwealth v. Liveright, 308 Pa. 35. Therefore, rule discharged.