## Commonwealth v. Krogowski

*Raymond A. Livingston* and *Joseph J. Gale*, for Commonwealth.

*Nathan Hyman* and *Paul R. Orrson*, for defendant.

FLANNERY, J., June 6, 1950.—This is a suit in assumpsit instituted by the Commonwealth against Mary

Krogowski, widowed mother of Louis Krogowski, deceased, for his maintenance and support at Ransom Mental Hospital. Action is brought under and pursuant to the Act of June 1, 1915, P. L. 661, as amended by the Act of May 10, 1921, P. L. 438, 71 PS §1783, and it was heard before the court without a jury.

The claim is for $873.65, which represents maintenance for the deceased inmate from December 1, 1939, to May 8, 1944.

The facts are not in dispute. The only question raised is defendant's legal ability to pay.

Defendant is a widow, 72 years of age, whose only income is derived from the benefits of government insurance payable to her upon the death of another son who was killed in action while in the armed forces. This is supplemented by aid from other surviving children and thus she ekes out an existence.

She is, however, the owner of a dwelling. It is situate at 21 Maxwell Street, in the Borough of Ashley, Luzerne County, Pa., a single-frame structure, 50 years old and in dilapidated condition. It has an assessed valuation of $1,050. This is her home.

The relevant portion of the statute under which liability is sought to be imposed provides:

"The husband, wife, father, mother, child or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided": 71 PS §1783.

Since liability imposed by this statute is in derogation of the common law it must be strictly construed: Boles' Estate, 316 Pa. 179; Erny's Estate, 337 Pa. 542.

The section pertinent to our discussion was carefully considered by the court in Commonwealth v.

Groller, 41 D. & C. 366, wherein the court said, at page 369:

"We believe that in the phrase 'legally able so to do (to pay)' the word 'legally' means 'according to the applicable law' and that the applicable law is the condition in section 4 that an order shall be made on relatives, 'taking into consideration their ability to pay for said maintenance' and that the word 'able' means 'financially able'. Only by this construction can any value be given to the words 'as hereinafter provided', which words (under Harnish's Estate, supra) have been held not to apply to the later procedural provisions."

It may be noted that section 4 of the original act (71 PS §1784), to which reference was made by the court in this opinion, and which must be considered with section 3 of the act (71 PS §1783, supra), provides, inter alia:

". . . and any order made against the husband, wife, father, mother, child, or children, shall be in such amount as the Court, in its discretion, deems proper, *taking into consideration their ability to pay for said maintenance* . . ." (Italics supplied.)

We are satisfied that the law restricted the obligation of payment to one "who is legally able so, to do", in order to provide for just such cases as the one before us and to effectuate such a purpose it gave the court latitude in the exercise of sound discretion.

We have no hesitancy in deciding from the evidence before us that this aged widow, partially dependent on the surviving brothers and sisters of the decedent ward, is not able to pay.

Wherefore, now, June 6, 1950, a verdict is entered in favor of defendant, Mary Krogowski, and against plaintiff, Commonwealth of Pennsylvania.