Rose SALTZMAN
v.
Michael SALTZMAN.
Civ. A. No. 19866.

United States District Court
E. D. Pennsylvania.
Dec. 1, 1960.

William Kendall, Philadelphia, Pa., for plaintiff.

Benjamin R. Donolow, Philadelphia, Pa., for defendant.

WOOD, District Judge.

1. Plaintiff is a resident of New York City, New York, and the defendant is a resident of Philadelphia, Pennsylvania. The action is based on contract and the amount in controversy is in excess of the jurisdictional requirement. Therefore,

the Court has jurisdiction over the subject matter and the parties.

2. The following facts relevant to the subject matter of this suit were agreed to by stipulation of counsel:

(a) One child, David Saltzman, was born on November 28, 1918, and another child, Carl Saltzman, was born on August 26, 1920.

(b) A judgment of divorce in favor of the defendant and against the plaintiff was entered in New York City on June 14, 1929, and became final on December 17, 1929.

(c) Under the terms of the decree of divorce the defendant was entitled to receive the custody of David Saltzman and Carl Saltzman.

3. The plaintiff and the defendant were married in Philadelphia, Pennsylvania on August 5, 1917. Sometime thereafter (although it is not clear exactly when) plaintiff and defendant separated. In 1926, the defendant moved from Philadelphia to New York. At some time thereabouts plaintiff also moved to New York and lived there with her mother and father and with her two sons.

4. After a final decree of divorce, the plaintiff retained custody of the two children and supported them until their adulthood.

5. Although plaintiff attempted to prove it, the Court does not find as a fact that defendant expressly or impliedly agreed to reimburse the plaintiff for the maintenance of the children either shortly after the divorce or in 1952 or at any other time.

6. From the testimony in this case the Court concludes as a fact that the plaintiff-mother voluntarily assumed expense incident to the maintenance of the children during their minority or until they were self-sustaining.

7. The factual relationship of parent and child, however, did exist between defendant and his children and no release or interruption, factual or legal, has been interposed to disrupt that relationship.

## Discussion and Conclusions of Law

■ The Court here is faced with a most difficult decision and one which must be made in the light of the law as we find it—which in many respects is not consistent with the law advocated by counsel on either side. This case was tried generally on the theory of an express or implied contract. Yet, as will be hereinafter shown, the liabilities involved rest on a quasi-contractual basis and on the relationship between the plaintiff and the defendant. In short, as indicated from our findings of fact, the testimony of the plaintiff did not prove a contract either express or implied. Nevertheless, the plaintiff does have a cause of action based upon the theory that the defendant-father is responsible for the maintenance and support of his children during their minority as a matter of law.

■ Since the events giving rise to this suit occurred in the State of New York, we conclude that the law of New York governs the substantive issues. However, under both the law of New York and the law of Pennsylvania a mother may recover from the father of her children any moneys which she spent out of her personal estate for the support of their children during their minority. Adler v. Adler, 1952, 171 Pa.Super. 508, 90 A.2d 389; Gessler v. Gessler, 1956, 181 Pa.Super. 357, 124 A.2d 502; De Brauwere v. De Brauwere, Court of Appeals of New York, 1911, 203 N.Y. 460, 96 N.E. 722, 38 L.R.A.,N.S., 508; Laumeier v. Laumeier, Court of Appeals of N. Y., 1924, 237 N.Y. 357, 143 N.E. 219, 32 A.L.R. 654; and Haimes v. Schonwit, Supreme Court, Appellate Division, Second Department, 1945, 268 App.Div. 652, 52 N.Y.S.2d 272. As a Federal Court sitting in the State of Pennsylvania, we must look to the Pennsylvania conflicts of law rule to determine what law applies with regard to the statute of limitations. The defendant contends that the conflicts of law rule of Pennsylvania requires us to look to the statute of limitations of Pennsylvania in order to de-

termine whether this foreign cause of action is barred by the lapse of some thirty years. We agree.[1] The Pennsylvania statute of limitations (12 Purdon's Stat. § 31) reads *inter alia* as follows:

" * * * All actions of debt grounded upon any lending, or contract without specialty, * * * shall be commenced and sued within * * * six years next after the cause of such actions."

The question remains whether the cause of action in the case at bar falls within the phrase "grounded upon any * * * contract." It is settled law in Pennsylvania that actions founded only on express or implied contracts fall within the limiting phrase; and actions founded upon quasi-contracts do not. In re Erny's Estate, 1940, 337 Pa. 542, 12 A.2d 333. If the nature of the plaintiff's cause of action in the case at bar is quasi-contractual, it then follows that her cause does not fall within the limiting phrase and is not barred by the statute of limitations.

■ Both New York and Pennsylvania courts have characterized the nature of a cause of action which a mother has against the father of her children for reimbursement of sums she spent in support of those children during their minority as a quasi-contractual cause of action.[2] In the case of Adler v. Adler, supra, the Superior Court of Pennsylvania stated:

"Where, as here, a deserted wife has used or applied her own separate estate in the discharge of an obligation resting primarily on the husband, the law imposes a *quasi-contractual* relationship to reimburse the deserted wife for expenditures * * *" At page 511 of 171 Pa. Super., at page 390 of 90 A.2d. (Emphasis supplied)

We cannot escape the conclusion that the Supreme Court of Pennsylvania would hold that a mother's cause of action against a father for reimbursement for sums spent in support of their minor children is quasi-contractual in nature and, therefore, does not fall within the language of the Pennsylvania statute of limitations.

■ The circumstances surrounding the separation of the mother and father, and the fact that one party obtained a divorce from the other, have no effect on the obligation of the father to support his minor children.[3] In every case that obligation is one imposed by law, irrespective of the intention of the parties.

Therefore, it is with considerable reluctance that we hold the plaintiff, Rose Saltzman, is entitled to a judgment against the defendant, Michael Saltzman.

■ Plaintiff has asked the Court to award interest, but this we will not do. Interest on the recovery will be allowed only from the date of the commencement of the action before us. Haimes v. Schonwit, supra.

An appropriate Order may be submitted.

1. See Continental Illinois National Bank & Trust Co. of Chicago v. Holmes, D.C. M.D.Pa.1937, 21 F.Supp. 309. The Court stated at page 310:
   "It is also clear that these statutes [statutes of limitations] are applicable to all actions, irrespective of the place where the cause of action accrued, whether within or without the state, and irrespective of the residence of the parties when the action accrued."

2. De Brauwere v. De Brauwere, supra; Laumeier v. Laumeier, supra; and Fell v. Johnston, 1943, 154 Pa.Super. 470, at page 472, 36 A.2d 227, at page 228 where the court said:
   "We are of the opinion that the device or fiction of an implied contract does not bring defendants within the act and they are not entitled to exemptions on that theory * * *. There is an analogy in Erny's Estate [337 Pa. 542, 12 A.2d 333] * * *"

3. Petras v. Petras, Co.Ct., 118 N.Y.S.2d 131; and note facts in Haimes v. Schonwit, supra.