# Logan *versus* Washington County.

Where the owner of coal land has sold the right to take all the coal that is in his land, and retained the land itself, the owner of the land and the owner of the coal are each taxable according to their several interests.

But this principle does not justify a higher valuation on the two interests taken separately, than there would have been if both had continued in the same person.

ERROR to the Common Pleas of *Washington county.*

This was an amicable action in which the county of Washington was plaintiff, and Logan & Dorman defendants, in which the parties agreed upon the following case stated:—

And now, May 21, 1857, it is hereby agreed by and between

the parties to the above suit, that the following case be stated for the opinion of the court, in the nature of a special verdict.

That the defendants own ten acres of land in Union township, contiguous to the Monongahela river, and also own the coal under seventy-five acres of Levi Bentley's land, which has been and is assessed to him, in the rear of the said land of the defendants, and adjacent thereto; that they have coal banks opened upon their land, and have been working the coal vein back from the river front for a number of years; that the said ten acres of land and their personal property was properly assessed for the year 1856, and the taxes so assessed have been paid; that in the said assessment for 1856 a separate return was made by the assessor of the coal so owned by the defendants under the land of Levi Bentley, the valuation of the said coal privilege being fixed at the rate of thirty-five dollars per acre, and the tax levied by the plaintiff upon the said assessment, to wit, fourteen dollars and fifty-six cents, has not been paid; and that coal under the lands of others was formerly assessed in this county, but for some years prior to 1856 such assessments have not been made, nor were they then made in any township except Union.

If the court be of opinion that the said coal, belonging to the defendants under the lands of Bentley, is taxable, then judgment to be entered for the plaintiff for fourteen dollars and fifty-six cents; but if not, then judgment to be entered for the defendants. The costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon.

The court below (GILMORE, P. J.) entered judgment on the case stated in favor of the plaintiff for $14.56.

This was assigned for error in this court.

*Acheson* and *Wilson,* for plaintiff in error.

*Murdoch,* for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—The taxing officers of Washington county have decided that, where the owner of coal land has sold out the right to take all the coal that is in his land, and retained the land itself, the owner of the land and the owner of the coal are each taxable according to their several interests, and we are not able to say that this is wrong.

The question seems to us a very simple one. The assessors are required to value for taxation all real estate according to its selling value, and this of course is measured by all the circumstances and advantages that tend to enhance its price, of which coal is a most important item. The coal is therefore necessarily included

[Logan *v.* Washington County.]

in the valuation, if it is accessible, and some person must pay the tax on it.   The only question is, shall it be paid by the owner of the coal, or by one who does not own it?   To this there can be but one answer.   There is a divided ownership of the land, and there ought to be a divided taxation.

The case is not at all singular in its principle.   Where one man owns land, and another a rent issuing out of it, both are separately taxable according to their interests.   So it is where the privilege of wharf, or ferry, or fishery belongs to one, and the land to another.   These cases are expressly mentioned in the tax law, and they do not exclude other cases involving the same principle, but rather include them: 3 *Pa. Rep.* 107; 1 *State Rep.* 331.

But the principle would not justify a higher valuation on the two interests taken separately than there would have been if both had continued in the same person.   The value of the land with the coal in it is not increased by the separation of the interests; but this separation requires an apportionment of the valuation among the different owners, so that each may bear his portion of the public taxes, and that one shall not have to pay for the other. The Common Pleas decided the cause rightly.

Judgment affirmed.

WOODWARD and ARMSTRONG, JJ., dissented.