## Rockwell, Appellant, *v.* Warren County.

*Taxation—Unseated lands—Severance of oil, gas and minerals*

The title to oil, gas and minerals may be severed from the surface of unseated lands, and if such severance has taken place, such oil, gas and minerals may be separately taxed, if it be ascertained they have taxable value.

Argued May 3, 1910. Appeal, No. 316, Jan. T., 1909, by plaintiffs, from judgment of Superior Court, April T., 1909, No. 31, reversing decree of C. P. Warren Co., March T., 1908, No. 41, granting injunction in case of F. H. Rockwell & Company v. Warren County and C. S. Keefer, Treasurer. Before Fell, C. J., Brown, Potter, Elkin and Stewart, JJ. Affirmed.

Appeal from Superior Court. See 39 Pa. Superior Ct. 468.

*Error assigned* was judgment of the Superior Court.

*D. I. Ball,* for appellants.

*John Siggins, Jr.,* county solicitor, for appellees.

Opinion by Mr. Justice Elkin, May 24, 1910:

The question involved here is whether the oil, gas and minerals reserved from the grant of the surface of several tracts of unseated land and now in a separate ownership can be taxed as real estate. If they are real estate of course they can be taxed as such, and whether they are or not always depends upon the nature of the reservation or

grant. A mere license to mine coal or to drill for oil and gas, unaccompanied by the right of ownership in the minerals underlying the surface, does not constitute an estate in land. On the other hand, oil, gas and coal are minerals and when the title to the same is severed from the owner of the surface and is vested in a separate owner, an estate in land is thus created, which if it be of any value, may be taxed. In the court below it was sought to restrain the collection of certain taxes which had been assessed against the oil, gas and minerals in several tracts of unseated land on the ground that there was no authority of law for the assessment of such minerals in unseated lands. It is contended that an unseated tract of land must be assessed as one entire body and cannot be divided horizontally into different estates which may be separately owned. It has been held over and over again that there may be different estates and separate ownership of title in the same tract of land. One person may own the surface, another the coal, another the fire clay and another the granite rock. It is too well settled to admit of argument that there may be such a severance of estates in a tract or tracts of land, and when there is such a severance, each separate owner has an estate therein. It is just as well settled that each separate estate is subject to valuation and assessment as land. As we understand the argument of the learned counsel for appellant it is conceded that this is true as to seated lands, but it is earnestly contended that the rule should not apply to unseated lands. This distinction is too artificial to be substantial. As to the character of the estate and the right of ownership therein there is no difference between seated and unseated lands. There is and can be no reason why the coal and other minerals underlying unseated lands may not be severed from the surface in the same manner and subject to the same incidents of ownership as in seated tracts.

It is argued that because seated lands are assessed in the name of the owners while unseated lands are assessed by survey or warrant numbers regardless of the owners

whose names if used at all are only for the purpose of
description, there being a personal responsibility for the
payment of the taxes on seated tracts and the lands alone
being bound if unseated, that the right of severance for
the purpose of taxation at least does not exist in the same
manner in both instances.  This position is unsound and
results from a confusion of the rights of owners in dealing
with their own estates and the power of taxing authorities
in the levy and assessment of taxes.  The authority to
tax and the manner of its exercise has nothing to do with
the right of the owner either to hold his tract of land entire
or to sever it by the grant of different estates therein.
The tax is assessed upon the property to be taxed, and
that property may consist of the entire tract, or of the
surface, or of the minerals, depending upon whether or
not there has been a severance.  The right to sever being
established, the power to tax the severed estate necessarily
attaches.  For convenience growing out of the diffi-
culties of ascertaining the owners, and other like con-
siderations, the legislature provided a somewhat different
method of making assessments of unseated lands and of
collecting taxes levied against them, but these tax laws
were not intended to and did not interfere with the right
of the owner to dispose of his lands by severance or other-
wise as to him might seem most advantageous.  Most
certainly the legislature did not intend by and through
tax laws to make a distinction between the owners of
seated and unseated lands as to the right of severance.
There was a severance of the oil, gas and minerals in the
case at bar from the surface and there can be no doubt
under the authority of many cases that the separate
ownership of these minerals constitute an interest or
estate in land: Logan v. Washington County, 29 Pa. 373;
Caldwell v. Copeland, 37 Pa. 427; Funk v. Haldeman, 53
Pa. 229; Sanderson v. Scranton, 105 Pa. 469; Gill v.
Weston, 110 Pa. 312; Lillibridge v. Coal Company, 143
Pa. 293; Westmoreland, etc., Natural Gas Co. v. DeWitt,
130 Pa. 235; Powell v. Lantzy, 173 Pa. 543; Blakley v.

Marshall, 174 Pa. 425; Marshall v. Mellon, 179 Pa. 371; D. & H. Canal Co. v. Hughes, 183 Pa. 66; Hutchinson v. Kline, 199 Pa. 564.

It is clear, therefore, that there was a severance of the oil, gas and minerals from the surface and we agree with the views expressed in the very excellent opinion of the learned judge of the Superior Court that this constituted an estate in land subject to taxation even if this mineral estate did underly unseated lands. We also agree with the argument submitted by counsel for appellees that where there is a divided ownership in unseated lands, the surface being owned by one party and the minerals by another party, the surface is subject to assessment for taxes as unseated land and a tax deed would convey the title to the surface only if the tax was assessed against the surface only, and the minerals when severed are subject to separate assessment in the same manner as the surface and a tax title to the minerals when properly assessed and sold for the payment of taxes would convey a good title to the minerals.

While the question has not been raised here it is important to keep in mind the fact that the right to tax depends upon the valuation and assessment of a definite estate in land. If there is no land there is nothing to tax, and this principle applies as well to minerals as to surface. Because there may be a reservation of oil and gas by the grantor of the surface, or there may be an express grant of all the oil and gas underlying one or several tracts of land, it does not follow that in point of fact there is any such estate in existence. When the assessor goes upon the land it is his duty to make a valuation upon information or knowledge which will furnish some definite fixed basis of valuation. A mere naked reservation of oil and gas in a deed without any other facts to base a valuation upon is not sufficient to warrant the assessment of taxes. Development in the neighborhood, sales of oil or gas lands in close enough proximity to add value, or any other element of value which may form a basis of valua-

tion may be taken into consideration by the assessor or other taxing authorities, but it should always be borne in mind that real estate is the thing being dealt with and that oil and gas are considered real estate and if there be no oil and gas then there is no real estate to be taxed.

Decree affirmed at the cost of appellant.