Commonwealth *v.* Dauphin County (et al., Appellant).

Argued May 28, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Mark T. Milnor,* School District Solicitor, for appellant.

*M. Louise Rutherford,* Deputy Attorney General, with her *S. H. Torchia, Ralph H. Behney,* Deputy Attor-

558

ney General, and *James H. Duff*, Attorney General, for appellee.

OPINION BY MR. JUSTICE LINN, June 25, 1946:

This proceeding challenged the power to tax certain property in the City of Harrisburg for city, school and county purposes. The grantee in the deed by which it is held is described as "STATE WORKMEN'S INSURANCE BOARD, an administrative board of the Department of Labor and Industry of the Commonwealth of Pennsylvania, created by the Act of June 2, 1915, P. L. 762, administrator of the State Workmen's Insurance Fund in accordance with the provisions of said Act of Assembly, . . ."

The State Workmen's Insurance Board is composed of the Secretary of Labor and Industry, the Insurance Commissioner and the State Treasurer. It is an administrative board functioning under the Department of Labor and Industry: Section 202 of the Administrative Code of 1929, P. L. 177, 71 P.S. 62. Its employes are employes of the Commonwealth: Act of April 20, 1921, P. L. 195, 77 P.S. 381. It administers the State Workmen's Insurance Fund which was established as an essential part of our system of workmen's compensation: Section 3, Act of June 2, 1915, P. L. 762, 77 P.S. 221 et seq. The State Treasurer is the custodian of the fund: 77 P.S. 223; the Insurance Department has important duties with respect to the fund: Act of May 1, 1933, P. L. 102, section 1 et seq., 77 P.S. 345.

Section 12 of the Act of June 2, 1915, P. L. 762, 77 P.S. 282, creating the Board and defining the State Workmen's Insurance Fund, provides: "The said Board may invest any of the surplus or reserve belonging to the Fund in such securities and investments as are authorized for investment by savings banks. All such securities or evidence of indebtedness shall be placed in the hands of the State Treasurer, who shall be the custodian thereof. He shall collect the principal and

interest thereof when due, and pay the same into the Fund. The State Treasurer shall pay all vouchers drawn on the Fund for the making of such investments, when signed by two members of the Board, upon delivery of such securities or evidences of indebtedness to him, when there is attached to such vouchers a certified copy of the resolution of the Board authorizing the investment. The said Board may, upon like resolution, sell any of such securities."

The money so authorized to be invested is public property and the investment for the purposes of the Fund is a public purpose; the activity is governmental: *Com. State Employes' Retirement System v. Dauphin County,* 335 Pa. 177, 178, 6 A. 2d 870.

On April 1, 1930, the Board loaned $200,000.00 of the Fund's surplus on the security of a first mortgage on premises 1000 Market Street, Harrisburg. The debtor defaulted. It was the duty of the Board to conserve the property of the Fund; in performing that duty and for the purpose of saving the expense of foreclosure the Board obtained from the debtor a deed for the property. This deed was dated December 31, 1940, and was recorded May 8, 1941. Since taking the title, the property has been rented to the former owner; no part of it is occupied by the Commonwealth or any of its agencies.

The County of Dauphin, the City of Harrisburg and the Harrisburg School District assessed taxes against the property for 1942 and following years. In 1945 the Treasurer of Dauphin County notified the Board that the property had been returned for non-payment of taxes in the sum of $1,837.83 for county and school taxes for the year 1942 and that unless such taxes were paid by August 6, 1945, he, as treasurer, would sell the real estate for taxes at a specified time and place. This proceeding was then begun by petition for a rule to show cause why the assessment should not be set aside. No suit was pending. The county, the city, the school district and the county treasurer answered the petition

and the Board filed a replication to the answers. After hearing on those papers the court struck off the assessments. The School District appeals.

Appellant contends that as "the real estate is not used solely and exclusively for public purposes but is used for commercial purposes and for a rental it is subject to local taxation;" that the deed to the Board is void because title should have been taken in the name of the Commonwealth (Section 1 of the Act of May 29, 1931, P. L. 214, 72 P.S. 1412) and, not having been taken in the name of the Commonwealth, the title remains in the former owner. It was also contended the Board should have made an earlier disposition of the property as permitted by section 3 of the Act of May 29, 1931, P. L. 214, 72 P.S. 1414.

The description of the grantee "STATE WORKMEN'S INSURANCE BOARD, an administrative board of the Department of Labor and Industry of the Commonwealth of Pennsylvania, created by the Act of June 2, 1915, P. L. 762, administrator of the State Workmen's Insurance Fund in accordance with the provisions of the said Act of Assembly," leaves no doubt that the property belongs to the Commonwealth; as title was taken without the means of a foreclosure sale, there has been no violation of section 1 of the Act of 1931, supra. There is nothing in the record to show that the Board has unlawfully delayed making a sale, nor do we see how such an issue could be relevant as this is not a proceeding to require the Board to perform a duty alleged to be unperformed.

We must reject the argument that this is not public property used for public purposes. The $200,000.00 loaned in 1930 was public property and the transaction was for a public purpose, that is, in the course of the administration of the State Workmen's Insurance Fund. The administration of the investment has not ceased and will not cease until the loan is repaid or lawfully charged off. It has not ceased to be public property ad-

ministered for a public purpose merely because the form of the investment was changed from money to land. The deed to the grantee, a copy of which was furnished to us at the argument, contained a resolution by the corporate grantor authorizing the conveyance; it provided that the mortgage indebtedness shall be credited with the "fair market value of said real estate at the time of the transfer" and that after four months "upon satisfaction of said mortgage and the surrender of the present Bond a new Bond shall be executed and delivered by the Corporation for any deficiency or balance due the said Workmen's Insurance Fund, the said new bond to be restricted, however, to the proceeds of the life insurance policies now in the possession of the State Workmen's Fund or the cash surrender value thereof.

"BE IT FURTHER RESOLVED that the said insurance policies shall remain with said Fund as collateral security for any deficiency or balance due with the understanding that whatever sum remains after said deficiency or balance plus interest has been liquidated shall be returned to Walter S. Schell, Inc., or its designated beneficiary."

The deed also provided "that this grant and its acceptance by the grantee shall not extinguish a certain mortgage by merger, said mortgage being recorded in Mortgage Book Z, Volume 18, page 569, Dauphin County records," being the mortgage for $200,000 given to the Board in 1930. Written all over the transaction is the fact that this is a mere change in the form of the investment whose administration is as much for public purposes now as it was when it was created. Article IX, section 1, of the Constitution, authorizes exemption from taxation of public property used for public purposes. The General County Assessment Law of May 22, 1933, P. L. 853, 72 P.S. 5020-201, provides for taxation of property and section 204 (g) specifies that "All other public property used for public purposes, with the

ground thereto annexed and necessary for the occupancy and enjoyment of the same . . ." shall be exempt from taxation.

The learned court below held, and we agree, that the case is ruled by the principle applied in *Com. of Pennsylvania, State Employes Retirement System v. Dauphin County et al.*, 335 Pa. 177, 6 A. 2d 870. That case dealt with the exemption of land in Harrisburg that had been purchased by the Retirement System at its foreclosure of a mortgage taken as security for a loan of its funds. We held that the property was within the exemption of public property used for public purposes. While Section 17 of the State Employes Retirement Act, under consideration in that case, exempted "the moneys in the fund created under this Act" from taxation, the opinion stated that "This real estate [is] outside the scope of the general taxation provisions of the Act of 1933."

Though we agree with the learned court below that the property so acquired and temporarily held for administration as part of the Fund, is exempt from taxation, we must call attention to the fact that there is no statutory authority to begin this suit by a petition for a rule to show cause. No suit was pending when the rule to show cause was allowed by the court; its jurisdiction had not attached to anyone; there was no proceeding to which the motion for the rule could be auxiliary. If any proposed respondent had disregarded the motion and rule, the court could not have proceeded as for default because the court had never obtained jurisdiction over the person by summons or similar process authorized to confer jurisdiction over the person. *Short v. School District of Upper Moreland Township*, 108 Pa. Superior Ct. 503, 505, 165 A. 669, was a suit begun by petition for a rule to show cause why federal employes should not be exempt from certain taxes. Judge PARKER said: "The rule should not have been granted, and it was properly discharged. 'In other

words, a rule is not properly original process in any case, but is auxiliary, and for the facilitating of jurisdiction already acquired': Mitchell, Motions and Rules, p. 3. The learned author in the same work points out that by statute a rule to show cause is sometimes authorized to be used as an original process; for example, a rule by one in possession of land against a person claiming title to bring an action of ejectment, and rules with relation to sheriffs' interpleaders. We know of no statute authorizing a rule to show cause as an original process in a case of this kind."*

To the extent that a petition for a rule to show cause originated *Com. of Pennsylvania, State Employes Retirement System v. Dauphin County,* 335 Pa. 177, 6 A. 2d 870, it is disapproved as a procedural precedent, just as the case now being disposed of shall not be regarded as such a precedent; we have decided it on the merits because of its public features. The proper method of restraining the assessment and collection of taxes for want of power to tax is by bill in equity: *Barnes Foundation v. Keely,* 314 Pa. 112, 171 A. 267; *Dougherty, Trustee, v. Philadelphia,* 314 Pa. 298, 301, 171 A. 583; *Wynnefield United Presbyterian Church v. Phila.,* 348 Pa. 252, 35 A. 2d 276.

Judgment affirmed.

---

* See Woodward: Motions and Rules, p. 17 et seq.