Commonwealth, Department of Public Assistance, Appellant, v. Schuylkill County et al.

Argued November 10, 1948; reargued November 15, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Jacob L. Aaron,* Special Deputy Attorney General, with him *John A. Miernicki, M. Louise Rutherford,* Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellant.

*Edgar Downey,* with him *Arthur E. Ricchiuti,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1949:

The County of Schuylkill and the Commonwealth of Pennsylvania, Department of Public Assistance, drew up an agreed statement of facts on the basis of which they petitioned the Court of Common Pleas of Schuylkill County for a declaratory judgment as to their respective rights thereunder. It appears that the treasurer of the county held several public sales of real estate for unpaid taxes levied and assessed by the several taxing authorities in the county. The Commonwealth purchased the properties at these sales for the purpose of protecting judgment liens obtained thereon by the Department of Public Assistance under The Support Law of June 24, 1937, P. L. 2045. Title was taken in the name of the

Commonwealth. Thereafter the county commissioners caused these properties to be assessed for taxation purposes in the various municipalities, townships and other political sub-divisions in the county. The Department of Public Assistance claimed that the properties were exempt from local taxation because they were public properties used for public purposes, whereas the county insisted that they were subject to taxation in the same manner as other real estate. The parties therefore submitted to the court for determination this question :— "May the County of Schuylkill, or any political subdivision thereof, assess and levy taxes upon real estate held and owned by the Commonwealth of Pennsylvania, Department of Public Assistance, acquired for the purpose of protecting judgment liens and to better secure the loans or payments made to owners of such real estate when the said judgment liens were entered?" The court's answer to this question was in the affirmative, and from its judgment and decree so holding the Commonwealth, Department of Public Assistance, appeals.

The Department of Public Assistance was created by the Act of June 24, 1937, P. L. 2003, as one of the administrative departments of the Commonwealth, charged with the duty of administering and carrying out the provisions of the Public Assistance Law, the Act of June 24, 1937, P. L. 2051. The Public Assistance Law detailed the powers and duties of the Department of Public Assistance and established the classes of beneficiaries eligible to receive assistance from public funds. By the amendatory Act of May 21, 1943, P. L. 434, section 1, it was "declared to be the legislative intent that the purpose of this act [the Public Assistance Law] is to promote the welfare and happiness of all the people of the Commonwealth, by providing public assistance to all of its needy and distressed."

The Support Law of June 24, 1937, P. L. 2045, section 4, provided that "The . . . property of any indigent

person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body or public agency. . . . Any public body or public agency may sue for moneys so expended, and any judgment obtained shall be a lien upon the real estate of such indigent person." [1]

The Act of May 29, 1931, P. L. 214, provided that at any judicial sale of any property upon which the Commonwealth, or any department thereof, has a lien or liens of any nature whatsoever arising out of any public account, the Commonwealth is authorized and empowered to bid in such property, if necessary, for the protection of its interest, title to be taken in the name of the Commonwealth. Any property so purchased shall be held until such time as the department charged with the duty of collecting the money covered by the lien shall believe it advisable to dispose of the same. [2]

The correctness of the answer to be given to the question presented on this appeal depends wholly upon the answer to another question, namely: Does real estate constitute public property used for a public purpose if it is purchased by the Commonwealth at a tax sale for the purpose of protecting the lien of a judgment entered to secure the recovery of moneys expended by the Department of Public Assistance for the support of indigent persons, title being taken in the name of the

---

[1] The right of the Commonwealth to obtain repayment of moneys expended by it on behalf of indigent persons is not dependent upon statutory permission, but rests upon the common-law doctrine that there is an implied duty on the part of a recipient of public assistance to make reimbursement: *Reiver's Estate*, 343 Pa. 137, 139, 22 A. 2d 655, 656.

[2] By the amendatory Act of May 15, 1945, P. L. 568, it was provided that, when property is purchased at a judicial sale in order to protect a lien of the Commonwealth acquired under the Support Law, the Department of Justice is authorized, at its discretion, to convey the property to the former owner and judgment debtor, upon payment of the debt, interests and costs due the Commonwealth.

Commonwealth and the property being thereafter held by the Commonwealth pending subsequent disposal? In view of our previous decisions throwing light upon this subject it cannot be doubted that such property *is* public property used for a public purpose, and that, in disbursing, accounting for, and obtaining the restitution of moneys in the course of administration of the Public Assistance Law, the Department of Public Assistance is performing a governmental function.

In *Commonwealth ex rel. Schnader v. Liveright,* 308 Pa. 35, 76, 77, 161 A. 697, 710, it was said: "We again hold that the support of the poor . . . is and has always been a direct charge on the body politic for its own preservation and protection; and that, as such . . . it stands exactly in the same position as the preservation of law and order. The expenditure of money by the State for such purposes is in performance of a governmental function or duty . . ." In *Poor District Case (No. 1),* 329 Pa. 390, 407, 197 A. 334, 342, poor relief was said to be "admittedly a proper governmental function." A housing project to provide decent and adequate habitations for the poor was held, in *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209, 200 A. 834, to constitute a public use of the funds employed for that purpose. In *Commonwealth, State Employes' Retirement System, v. Dauphin County,* 335 Pa. 177, 6 A. 2d 870, it was held that the performance of the State's obligation to compensate and protect its employes was a governmental function and that the investments owned by the Retirement System were public property used for a public purpose. In that case one such investment was a mortgage which had to be forclosed and the property was purchased at sheriff's sale by the Commonwealth. As to this the Court said (p. 182, A. p. 872): "The purchase of the real estate, at sheriff's sale, was only incidental to the primary invest-

ment, forced on the Commonwealth by the default on the mortgage and the absence of other purchasers at the sheriff's sale. When the security thus became a part of the fund, the legal incidents attaching to the mortgage continued to attach to the real estate, and immunity from taxation was not surrendered by the Commonwealth or the Retirement. System." In *Erny's Estate*, 337 Pa. 542, 546, 12. A. 2d 333, 335, it was said: "That the maintenance and treatment of indigent, infirm and mentally defective persons is a strictly governmental function cannot be questioned." And finally, in *Commonwealth v. Dauphin County*, 354 Pa. 556, 47 A. 2d 807, it was held that surplus money belonging to the State Workmen's Insurance Fund and invested by the State Workmen's Insurance Board was public property, its investment for the purposes of the Fund was a public purpose, and the activity was governmental. It was further held in that case that real estate acquired from a debtor who had defaulted on a mortgage securing a loan made by the Board was also public property administered for a public purpose, it being immaterial that the form of the investment had been changed from money to land.

It is clear from these authorities that the money used by the Department of Public Assistance in giving aid to needy recipients having the necessary eligibility requirements is public property used for a public purpose, as is also the real estate purchased by the Commonwealth in order to insure a recovery of the moneys thus expended inasmuch as the funds to be obtained from its ultimate liquidation will be devoted to the same purpose as were the original funds. That being so, it follows that such real estate is exempt from taxation by local taxing authorities, for, in the absence of any statute to the contrary, public property used for public purposes is exempt from taxation, no express exemption law being required for that purpose: *Dornan v. Philadelphia Hous-*

*ing Authority,* 331 Pa. 209, 228, 200 A. 834, 843; *Commonwealth, State Employes' Retirement System v. Dauphin County,* 335 Pa. 177, 181, 182, 6 A. 2d 870, 872, 873; *Commonwealth v. Dauphin County,* 354 Pa. 556, 561, 562, 47 A. 2d 807, 809, 810.

Appellee relies wholly for support of its position on *Commonwealth v. Udziewicz,* 353 Pa. 543, 46 A. 2d 231, but there the question involved was entirely different from that which is here presented. In that case the Commonwealth entered judgment against a beneficiary of old age assistance on an amicable confession contained in an agreement to secure reimbursement; the real estate thus liened was sold at a county treasurer's sale for non-payment of taxes and was purchased, not by the Commonwealth, but by private persons. The sole question was whether the Commonwealth's lien had been discharged by the sale and it was held that it *was* so discharged because the Tax Sale Act of May 29, 1931, P. L. 280, as amended, under authority of which the property was sold, provided for the preservation of certain enumerated liens but did not mention in the list those of the Commonwealth of Pennsylvania; instead, it granted to liens of the Commonwealth priority of payment in the distribution of the proceeds of the sale. That decision in no wise touched the present question as to the public nature of the funds expended by the Commonwealth under the provisions of the Public Assistance Law, nor the status as public property and use for a public purpose of the real estate acquired by the Commonwealth in the course of the operations of the Department of Public Assistance under that Act.

The declaratory judgment and decree entered by the court below is reversed and is here entered in favor of the Commonwealth of Pennsylvania, Department of Public Assistance, on the question presented.