## Commonwealth v. National Commercial Mutual Fire Insurance Company

*Charles V. Walsh,* Deputy Attorney General, for Commonwealth.

*J. Webster Jones,* for respondent.

NEELY, J., November 25, 1957.—National Commercial Mutual Fire Insurance Company, respondent herein, refused to permit the Insurance Commissioner of this Commonwealth to make a further examination of its books and records. Thereupon, the commissioner filed the petition that is now before us "For Possession of Company Records". In this petition the relator prayed for an order directing respondent to show cause why, after a full hearing, "the said Insurance Commissioner of the Commonwealth of Pennsylvania should not be authorized and directed to take possession of the books, records, accounts and vouchers of the said company for the purpose of continuing an examination of the said company, and for such other relief as the nature of the case . . . may require".

At petitioner's request, the court entered a rule upon respondent to show cause why the prayer of the petition should not be granted. The rule was made returnable September 18, 1956. Respondent filed an answer. The matter came on for hearing on November 15, 1956.

It is important to point out that this insurance company is not before this court in a proceeding involving its liquidation, under the provisions of section 502 of The Insurance Department Act of May 17, 1921, P. L. 789, as amended, 40 PS §202. The petition does not request the dissolution of the company, but seeks only access to and possession of the company's books and records for the purpose of further examination.

We believe we are without jurisdiction to grant the relief sought by this petition. In effect, petitioner seeks mandatory relief to compel respondent company to turn over to petitioner possession of its records. Such mandatory relief the court has no power to grant upon this petition and rule. Relator attempts to accomplish his object indirectly by the request that we direct him, as Insurance Commissioner, to take possession. However, we cannot do by indirection, on a rule to show cause, something which the court is without power to do directly. A rule is not properly original process in any case, but is auxiliary, and for the facilitating of jurisdiction already acquired. See Commonwealth v. Dauphin County, 354 Pa. 556, 563 (1946).

Section 502 of the Act of 1921, supra, as last amended by section 2 of the Act of March 22, 1956, P. L. (1955) 1328, 40 PS §202, provides for a statutory rule; namely, that the Insurance Commissioner may apply to the Court of Common Pleas of Dauphin County for an order to show cause why an insurance company should not be liquidated. We do not have under consideration such a statutory rule. The rule that was granted on the pending petition, as we have pointed out, relates only to having the records of the

company made available for the purpose of examination. The rule does not relate to liquidation and lacks statutory sanction as original process.

We have not passed upon the merits of this controversy because we are convinced we have no jurisdiction to do so in this proceeding. Section 502, as amended, provides that "Whenever any domestic insurance company . . . has refused to submit its books, papers, accounts, or affairs to the reasonable inspection of the Insurance Commissioner or his deputy or examiner" this court may issue an "order . . . to show cause why its business should not be closed". A statutory remedy is available to this petitioner. He has not, however, invoked that remedy and, because we have no power to grant the relief sought in this petition, we enter the following

*Order*

And now, November 25, 1957, the rule granted herein is herewith discharged.