## Pennsylvania Turnpike Commission Appeal

*George H. Shaffer,* for Commonwealth.
*Albert Foster,* for County of Fulton.

MacPHAIL, P. J., August 13, 1970.—This is an appeal from an order of the Fulton County Board of Assessment and Tax Revision assessing for local taxation purposes, effective in 1970, certain lands owned by petitioner and used as part of the highway thoroughfare known as the Pennsylvania Turnpike prior to the construction of the Sideling Hill and Rays Hill tunnel bypass.

### FINDINGS OF FACT

1. Petitioner formerly acquired 3 tracts of real estate situate in Fulton County for the construction, operation and maintenance of the original turnpike, to wit: (a) 61 acres in Brush Creek Township, (b) 148 acres in Wells Township and (c) 73 acres in Taylor Township.

2. As the result of the construction of a bypass of the Sideling Hill and Rays Hill tunnels in Fulton and Bedford Counties, petitioner has closed to traffic the portion of the original turnpike, including the two tunnels, between the eastern and western termini of

the said bypass. The subject tracts lie within the closed portion of the turnpike.

3. The three tracts aforesaid were previously exempt from taxation under section 11 of the Act of May 21, 1937, P. L. 774, 36 PS §652(k), because they were being used for turnpike purposes.

4. Since the construction of the aforesaid bypass, the three tracts in question have not been used and are not presently being used for turnpike purposes.

5. Petitioner maintains a full complement of maintenance men at the abandoned tunnels, but the roadways and tunnels are being used for no public purpose whatsoever, except that permission has been given to the Department of Forests and Waters to use them for fire roads.

6. Studies have been undertaken by petitioner to determine how the abandoned roadways and tunnels may be incorporated into future long-range planning for the turnpike, but the earliest date when actual use thereof would be contemplated is three years hence.

7. Approximately 8.35 acres of the tract lying in Taylor Township was formerly used as a service area known as Cove Valley and the service station, restaurant, etc., formerly located on said tract have been demolished. If petitioner implements its plans concerning the use of the presently abandoned turnpike, the 8.35 acres could be used as a "marshalling area."

## DISCUSSION

The issue to be determined is whether the lands which are the subject of the present controversy are exempt or taxable under section 11 of the Act of May 21, 1937, P. L. 774, 36 PS §652(k), which provides, inter alia, that "the commission shall not be required to pay any taxes or assessments on any property acquired or used by it for the purposes provided in this act . . ." The County of Fulton contends that the dis-

position of this issue is controlled by Pennsylvania Turnpike Commission v. Fulton County, 195 Pa. Superior Ct. 517 (1961), where the Superior Court held that certain lands in Fulton County outside the turnpike right-of-way, which were not being used for any public purpose at the time of the assessment, were subject to taxation. Petitioner argues that the facts in the present case distinguish it from the former one and that the prior appellate court decision is not controlling.

It is evident that the factual situations in the two cases are different, but we find that the end result is the same. In the 1961 case, petitioner had acquired surplus lands but contended that such lands would be used in the future. The Superior Court sustained the holding of Judge Sheely that since the lands were not being used for public purposes at the time of the assessment, they were taxable. In the present case, it appears that although the lands now in question were once used for turnpike purposes, they are not *now* being so used. Conceding that the lands might be used for some public purpose in the future, and further conceding that petitioner does "maintain" the abandoned tunnels, nowhere in the record does it appear that either the roadways or the tunnels are being *used* for the purposes provided in the Act of 1937, supra. Furthermore, petitioner's witness was unable to say with certainty when, if ever, the subject lands would be so used. An exemption of lands for public purposes means a *present* and not an indefinite prospective use: Easton v. Koch, 152 Pa. Superior Ct. 327 (1943). We are of the opinion that notwithstanding the fact that the subject lands were formerly used for turnpike purposes, they are no different now than the lands acquired originally which were surplus. Moreover, the fact that the abandoned roadways are available to the

Department of Forests and Waters will not be sufficient to warrant an exemption. The use which will warrant the exemption must be reasonably necessary, essential or indispensable to the *prescribed* governmental function of petitioner: Borough of Emporium Assessment, 42 D. & C. 2d 182 (1967).

Since the essential characteristics of the within case cannot be differentiated to any substantial degree from those existing in the 1961 case, we hold that the issue here is controlled by the decision of the Superior Court in Pennsylvania Turnpike Commission v. Fulton County, supra. Accordingly, we must also conclude that the subject lands are taxable.

### ORDER

And now, August 13, 1970, for the reasons above set forth, the appeal of the Pennsylvania Turnpike Commission from the order of the Fulton County Board of Assessment and Tax Revision is herewith denied.