## Commonwealth v. Davis

*Edmund Z. Spiers,* for plaintiff.
*Jerold S. Berschler,* for defendant.

KALISH, *J.*, December 9, 1975 — Petitioner, Willie F. Davis, was injured in an automobile accident on November 3, 1970. On November 24, 1970, he applied for medical assistance to pay his hospital bill and signed an "Agreement and Authorization to Pay Medical Assistance Claim" supplied by the Department of Public Welfare (hereinafter called "department"). This agreement directed his attorney to pay the department the amount of medical assistance granted him from any proceeds received in settlement of the personal injury action available to him. Thereafter, medical assistance of $852.15 was paid on his behalf to Presbyterian Hospital.

During his recuperation, and while he was not working, petitioner was receiving union benefits. When these benefits ran out, he applied for public assistance and, on September 13, 1971, signed a similar "Agreement and Authorization to Pay Claim" as required by the department. This agreement likewise directed his attorney to pay the department, from any settlement proceeds, the amount of public assistance granted to him. As a result, public assistance in the amount of $746 was paid to Mr. Davis.

In February of 1975, settlement was reached on the petitioner's personal injury claim. Although his attorney was in receipt of the settlement proceeds, no payments were made to the department for reimbursement of the public and medical assistance received.[1] Therefore, in March of 1975,

---

1. Petitioner's accident case was settled for approximately $4,790. The total medical and public assistance granted him was $1,598.15.

judgment was confessed on the reimbursement agreements and entered against petitioner and a writ of execution was filed.

Defendant now petitions to open the confessed judgment. He contends: (1) that he was forced, under duress, to sign the two agreements, since failure to sign would result in a denial of medical and public assistance; and (2) that due to the injuries sustained in the accident and lack of education, he was without the mental capacity, knowledge and information necessary to understand the import and contents of the agreements on the dates of his signing.

The petition is dismissed.

It is clearly established in Pennsylvania that to successfully open a judgment by confession, a party must act promptly and aver a meritorious defense: Emperee v. Meyers, 440 Pa. 430, 269 A. 2d 731 (1970); Wenger v. Ziegler, 424 Pa. 268, 226 A. 2d 653 (1967); Roche v. Rankin, 406 Pa. 92, 176 A. 2d 668 (1962). The court shall open the judgment "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury. . . .": Pa.R.C.P. 2159(e). It is for the court to determine whether the evidence offered in support of the defense is sufficient to warrant a jury determination: Wolgin v. Mickman, 233 Pa. Superior Ct. 218, 335 A. 2d 824, 826 (1975), citing Ritchey v. Mars, 227 Pa. Superior Ct., 33, 36, n. 4, 324 A. 2d 513, at 515, n. 4.

It is, therefore, essential that petitioner show: (1) due diligence; (2) the existence of a meritorious defense; and (3) the presence of a jury question before the court will grant the relief sought. In the instant case, although petitioner has acted expeditiously in filing his petition, he has not satisfied the remaining two elements.

The Commonwealth's right to obtain reimbursement from assistance recipients having currently available resources is based not only on Federal and State statutory laws,[2] but also on the common law which implied a duty of reimbursement on the part of recipients of public assistance: Commonwealth v. Schuylkill County, 361 Pa. 126, 62 A. 2d 922 (1949); Reiver's Estate, 343 Pa. 137, 22 A. 2d 655 (1942).

In Charleston v. Wohlgemuth, 332 F. Supp. 1175 (E.D. Pa., 1971), affirmed 405 U.S. 970, 92 S. Ct. 1204, 31 L.Ed. 2d 246 (1972), the court held that the type of procedure followed in this case, i.e., requiring a recipient of assistance to sign a reimbursement agreement before assistance is granted, is both constitutional and proper.[3] Duress, therefore, cannot be made out where the law requires, as a condition precedent to assistance, that the recipient agree to repay the Commonwealth out of his damage award.

The deposition of petitioner-defendant shows that at the time of the accident, he was 52 years of age, had a long history of employment, including working for the post office for 17 years, and could read and understand the English language. He did not, however, read or even attempt to read the authorizations before he signed them.

2. See, The Social Security Act of 1935, Title XIX, §1902, 42 U.S.C.A. 1396a(25)(C); section 4 of the Support Law of June 24, 1937, P.L. 2045, §4, as amended, 62 P.S. §1974. See also Pennsylvania Department of Public Welfare Regulation no. 3230, et seq.

3. In the Charleston case, the assistance sought was Aid to Families with Dependent Children ("AFDC"). However, the same reimbursement form, PA-176k, as used here was at issue.

From the deposition it is clear that petitioner-defendant was aware that the department required his signature before the assistance he applied for could be granted. However, he cannot remember that it was ever explained to him that reimbursement was expected should he recover on his personal injury claim.

At his deposition, excerpts from his hospital and medical reports were read into the record. Although they established that petitioner suffered serious *physical* injuries, they do not sufficiently support a contention of *mental* incapacity or impairment. There is no testimony offered to the effect that he manifested symptoms of incapacity or incompetency in any degree beyond having a lapse of memory at the time. In testimony concerning his mental and physical condition at the time, he stated that he felt "pretty good" although he did have a headache and shaking in his left hand. No mention was made of any impairment or inability to reason or understand what was happening around him.

We conclude, based on the record, that petitioner has failed to offer sufficient evidence to warrant submission of this issue to a jury.

Even if we assume, arguendo, that sufficient evidence has been adduced to warrant jury determination of this issue, we are not persuaded that the defense is a meritorious one.

This is not a consumer note problem or a commercial transaction where a disadvantaged party has been victimized. Here, petitioner applied for and received assistance from the Commonwealth because he lacked the immediate resources necessary to pay for medical care and living expenses. Based upon his need, the Commonwealth granted the aid sought upon the condition that should an

expectation of future resources, i.e., his personal injury action, be realized, this recovery, less certain costs, would be used to reimburse the department for the sums made available to him. Petitioner does not deny receiving assistance or that money is due the department; nor does he deny receiving the proceeds of the settlement or that there remains sufficient moneys to pay the amount owed. Whether he actually knew he must reimburse the Commonwealth or not does not, and cannot, obviate his duty to repay.

For the above reasons, the petition to open confessed judgment is dismissed.