INDEPENDENT OIL AND GAS ASSO-
CIATION OF PENNSYLVANIA,
George O. Scott, d/b/a Dorso Energy,
Lomak Resources Company, Phillips
Production Company, Inc., Castle Exploration Company, Inc., Douglas Oil
& Gas, Inc., Oil & Gas Management,
Inc. and William S. Burkland, Appellants,

v.

BOARD OF ASSESSMENT APPEALS
OF FAYETTE COUNTY, Pennsylvania, and County of Fayette, Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued May 9, 2001.

Decided July 13, 2001.

Richard DiSalle, Pittsburgh, for appellants.

John S. Cupp, Jr., Uniontown, for appellees.

Before DOYLE, President Judge, COLINS, SMITH, PELLEGRINI, FRIEDMAN, KELLEY, and LEADBETTER, Judges.

KELLEY, Judge.

Independent Oil and Gas Association *et al.* (Property Owners) appeal from the October 3, 2000 and October 24, 2000 orders of the Court of Common Pleas of Fayette County (trial court). The October 3, 2000 order denied Property Owners' motion for summary judgment for the reason that Fayette County does have authority to impose real estate taxes on Property Owners' oil and gas interests. The October 24, 2000 order denied Property Owners' application for amendment of an interlocutory order. By order of December 21, 2000, this Court issued an order granting Property Owners' petition for review and permitting Property Owners' appeal from the trial court's October 3, 2000 and October 24, 2000 orders.

Property Owners hold leasehold interests in oil and gas underlying tracts of land located in Fayette County. In 1998, the Board of Assessment Appeals of Fayette County (Board) began to assess the oil and gas interests of Property Owners for the purpose of imposing real estate taxes. On August 14, 1998, Property Owners filed an action for declaratory judgment and equitable relief alleging, *inter alia,* that the Board's imposition of *ad valorem* taxes on oil and gas interests was illegal, unauthorized by the laws of the Commonwealth and in violation of the Pennsylvania Constitution as well as the United States Con-

stitution.[1] Subsequently, Property Owners filed a motion for summary judgment. Raising the issue *sua sponte*, the trial court held that it lacked subject matter jurisdiction to hear Property Owners' motion because the Board maintained exclusive jurisdiction over the allegations raised in Property Owners' complaint. Property Owners then sought reconsideration by the trial court, which was denied. Property Owners then appealed to this Court.

Upon review, this Court reversed the trial court's order dismissing Property Owners' motion for summary judgment and remanded for further proceedings based on our Supreme Court's decision in *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County*, 459 Pa. 268, 328 A.2d 819 (1974). We pointed out that pursuant to *Borough of Green Tree,* a substantial question of constitutionality concerning a taxing body's powers excuses resort to the administrative process and allows one challenging that authority to proceed directly in equity. *See Independent Oil and Gas Association of PA v. Board of Assessment Appeals of Fayette County*, 760 A.2d 80 (Pa.Cmwlth., No. 185 C.D.2000, filed September 5, 2000). Upon review of Property Owners' complaint, we concluded that Property Owners did not allege any over-assessment of taxes on any particular individual or group of individuals as would generally fall within the exclusive jurisdiction of the Board. *Id.* Instead, Property Owners directly challenged in their complaint the Board's authority to assess the tax at all which falls outside of the Board's jurisdiction and expertise, making no adequate administrative remedy at law available for them to challenge the imposition of the tax. *Id.* Accordingly, because Property Owners alleged a substantial constitutional question in their complaint and there was no adequate remedy at law, this Court held that the trial court erred in dismissing Property Owners' motion for summary judgment for lack of subject matter jurisdiction. *Id.*

Upon remand, the trial court denied Property Owners' motion for summary judgment which set forth five "counts" in support of their assertion of entitlement to judgment: (1) the alleged lack of authorization to tax; (2) the fugacious nature of oil and gas renders them incapable of being proper subjects of property assessment; (3) an alleged lack of uniformity for assessments in Fayette County in violation of Article VIII, Section 1 of the Pennsylvania Constitution and statutory law; (4) the alleged impropriety of taxation without proof or any indication of the presence of oil and gas; and (5) the alleged necessity for a county-wide reassessment.[2] The trial court denied the motion for summary judgment based solely on Property Owners' claim in "Count I" of the motion.

The trial court opined that it is beyond argument that Fayette County is authorized to levy taxes on real estate and that it has long been settled law in this Commonwealth that oil and gas are considered real estate. The trial court held that the remaining "counts" of the motion raise issues that are not relevant to or based upon the statutory authority to impose the tax. The trial court stated that these "counts" merely assert impropriety in the valuation of their interests and the assessment of the real estate tax thereon. Ac-

---

1. By stipulation the parties agreed that all tax sales of oil and gas interests shall be stayed and held in abeyance and that there shall be no tax sales of any oil or gas interests during the pendency of this action.

2. The trial court noted that at oral argument on the motion for summary judgment, the parties agreed that since a reassessment is now underway this ground is moot.

cordingly, the trial court held that it had no jurisdiction to consider such issues since the determination of Property Owners' tax liability must be made through resort to the statutorily prescribed administrative process. This appeal followed .[3]

Property Owners raise the following issues in this appeal:

1. Whether oil and gas interests are the proper subjects of annual real estate or *ad valorem* taxes;

2. Whether the taxation of oil and gas interests is permissible since statutory law fails to specifically authorize or otherwise provide for the imposition of real estate or *ad valorem* taxes on oil and gas interests;

3. Whether taxation of such interests is proper where Fayette County and the Board have failed to make any distinction between severed and unsevered oil and gas interests is required by law; and

4. Whether the assessments fail to meet the uniformity requirements of Article VIII, Section of the Pennsylvania Constitution and therefore, also violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

5. Whether oil and gas should be included in the reassessment program if oil and gas are found to be assessable.

■ With respect to the first and second issues raised herein, Property Owners argue that Pennsylvania statutes failed to specifically authorize or otherwise provide for the imposition of real estate or *ad valorem* taxes on oil and gas interests. Property owners point out that the power to tax is statutory and must be derived from enactment of the General Assembly. Property Owners argue that because there is no explicit reference to oil and gas interests as proper subjects of assessment and taxation in Section 201 of The General County Assessment Law,[4] there was no intent by the General Assembly when enacting this section to tax oil and gas interests. In addition, Property Owners argue that because the General Assembly explicitly recognized the taxing of coal interests in the other sections of The General County Assessment Law and The Fourth to Eighth Class County Assessment Law,[5] it can be inferred that no such corresponding authority exists as to oil and gas interests.

Finally, Property Owners argue that the cases holding that oil and gas interests are considered real estate have never fully and logically explored the treatment of such interests as real estate and have instead evolved inconsistently and by happenstance. Property Owners contend that in cases under which oil and gas are treated as real property, the decisions do not cite any statutory authority for such assessment and taxation. Property Owners also contend that the cases also emphasize the unique attributes of oil and gas versus "hard" minerals. Property Owners contends that oil and gas are not coal and should not be treated as such due to the fleeting nature of oil and gas. As such, Property Owners contend that oil and gas

---

3. This Court's scope of review of an order granting summary judgment is plenary. *O'Donoghue v. Laurel Savings Ass'n*, 556 Pa. 349, 728 A.2d 914 (1999). Our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or clearly abused its discretion. *Cochran v. GAF Corp.*, 542 Pa. 210, 666 A.2d 245 (1995).

4. Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–201.

5. Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–5453.706.

interests defy proper characterization as interests in real property.

■ It is well settled that the General Assembly, within constitutional limits, determines what property shall be subject to taxation and assessments and what shall be immune. *Southwest Delaware County Municipal Authority v. Aston Township,* 413 Pa. 526, 198 A.2d 867 (1964). Section 201 of The General County Assessment Law provides that real estate shall be valued and assessed and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate. 72 P.S. § 5020–201. As correctly pointed out by Property Owners, the enumerated list of items found in Section 201 that are subject to tax as real estate does not specifically include oil and gas interests. However, this does not mean that the General Assembly intended for oil and gas interests to be exempt from taxation. "It is generally true that all property not clearly exempt from taxation and within the purview of taxing statutes is subject to tax." *Pennsylvania Turnpike Commission v. Fulton County,* 195 Pa.Super. 517, 171 A.2d 882 (1961).

■ Section 201 specifically provides that "lands" shall be valued and assessed and subject to taxation. Pennsylvania law recognizes three separate estates of land: the surface itself, the right of support and the minerals contained thereunder. *Hetrick v. Apollo Gas Company,* 415 Pa.Super. 189, 608 A.2d 1074 (1992); *Pennsylvania Bank and Trust Company, Youngsville Branch v. Dickey,* 232 Pa.Super. 224, 335 A.2d 483 (1975). Such division or classification of land as surface and mineral is not arbitrary or discriminatory or illegal. *Narehood v. Pearson,* 374 Pa. 299, 96

A.2d 895, *cert. denied,* 346 U.S. 866, 74 S.Ct. 106, 98 L.Ed. 377 (1953). To the contrary such division or classification is unquestionably reasonable, practical, and just and does not violate any provision of the United States or Pennsylvania Constitution. *Id.*

Moreover, our courts "have frequently held that oil and gas are minerals." *Bannard v. New York State Natural Gas Corporation,* 448 Pa. 239, 251, 293 A.2d 41, 48 (1972) (quoting *Wilson v. A. Cook Sons Co.,* 298 Pa. 85, 89–91, 148 A. 63, 65 (1929)); *see also Appeal of Baird,* 334 Pa. 410, 6 A.2d 306 (1939) (Oil, gas and coal are minerals.); *Westmoreland & Cambria Natural Gas Co. v. De Witt,* 130 Pa. 235, 249, 18 A. 724, 725 (1889) ("Gas, it is true, is a mineral . . .").

Accordingly, we reject Property Owners' argument that Section 201 of The General County Assessment Law does not provide for the taxation of oil and gas interests. Section 201 specifically enumerates "lands" as a subject of taxation and we hold, based on the foregoing, that included therein are interests in the minerals oil and gas.

■ Property Owners also take the position that oil and gas should never be considered as real estate for taxation purposes because the same are "fugacious" or fleeting in nature. We are not persuaded by this argument.[6]

■ Despite the fugacious nature of oil and gas, it is well settled that oil and gas are considered real estate. *See Rockwell v. Warren County,* 228 Pa. 430, 77 A. 665 (1910); *Bannard.* It is also well settled that when title to the oil and gas are severed from the owner of the surface, an estate in land is created, which if it is of any value, may be taxed. *Rockwell; Appeal of Baird; Bannard. See also Hetrick*

---

6. Based on our resolution of this issue, Property Owners' contention that Fayette County's failure to file any affidavits in opposition to

Property Owners' affidavit establishing the fugacious nature of oil and gas compels the entry of summary judgment must fail.

(The Pennsylvania rule permitting severance of the mineral estate for coal and other solid minerals applies with equal force to oil and gas.).[7] The determining factor is whether the estate in the land is of any value. It is true that if there is no oil and gas then there is no real estate to be taxed. *See Rockwell.* "A mere naked reservation of oil and gas ... without any other facts to base a valuation upon is not sufficient to warrant the assessment of taxes." *Id.* at 433, 77 A. 665, 77 A. at 666. As the *Rockwell* decision pointed out, it is the duty of the assessor to make a valuation upon information or knowledge, which will furnish some definite fixed basis of valuation. *Id.* If there is a dispute as to the valuation, that issue can be resolved through the statutorily prescribed administrative process. Accordingly, we decline to hold that the "fugacious" nature of oil and gas prevents the same from ever being considered real estate or categorized as interest in real property.

▮▮▮ With respect to Property Owners' remaining three issues, we agree with the trial court that these issues are not based upon the statutory authority to tax and should be decided through the statutorily prescribed administrative process and route of appeal.[8]

Accordingly, the trial court's October 3, 2000 order is affirmed.[9]

## ORDER

AND NOW, this *13th* day of *July*, 2001, the order of the Court of Common Pleas of Fayette County dated October 3, 2000 at No. 1570 of 1998, G.D., is affirmed.

COLINS, Judge, Dissenting.

I must respectfully dissent from the erudite opinion of the majority.

As correctly noted by the majority, the General Assembly explicitly recognized the taxing of coal interests as part of the real estate. However, as also was correctly noted, while oil and gas are minerals, unlike coal, they are fugacious in nature. It is possible for an owner of adjacent land to extract oil and gas reserves which lay beneath another's real estate without ever entering upon the neighboring land.

What Fayette County has enacted is a de facto tax on oil and gas royalty rights without any legislative authority. Only the General Assembly may authorize a taxing scheme for non-producing oil and gas interests, and it has clearly chosen not to do so.

Therefore, the order of the Court of Common Pleas of Fayette County must be reversed.

---

7. We note that the owner of the mineral estate may convey his entire bundle of rights in fee or may grant a mere portion thereof via leasehold. *Hetrick.* Such portion granted via a leasehold may be taxable depending on the nature of the contract between the parties. *Id.* If the document purporting to grant only a leasehold in actuality constitutes a sale of the mineral *in situ*, a fee interest to the mineral estate is conveyed in favor of the grantee. *Id.*

Therefore, Property Owners' leasehold interests in oil and gas underlying certain tracts of land located in Fayette County may be subject to taxation if the documents purporting to grant the leaseholds convey a fee interest to the mineral estate in their favor. If so, such taxation is statutorily permitted pursuant to Section 201 of The General County Assessment Law.

8. We note that our Supreme Court has not dispensed with the requirement that a litigant follow statutorily prescribed remedies merely because a constitutional question is present in the case. *Borough of Green Tree.*

9. Because this Court granted Property Owners' petition for review, we need not dispose of their appeal from the trial court's October 24, 2000 order.